J-S38041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYHIR BATES | : | |
| | : | |
| Appellant | : | No. 2718 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007538-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYHIR BATES | : | |
| | : | |
| Appellant | : | No. 2719 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002065-2024

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 6, 2026**

Appellant, Tyhir Bates, appeals from the aggregate judgment of sentence of 11 to 22 years' incarceration, imposed after he pled guilty, in two separate cases that were consolidated below, to two counts of aggravated assault, 18 Pa.C.S. § 2702(a)(1), two counts of criminal conspiracy, 18 Pa.C.S. § 903, carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1), and recklessly endangering another person (REAP), 18 Pa.C.S. § 2705. On

appeal, Appellant contends that his guilty pleas were not knowing, intelligent, and voluntary, and that the trial court abused its discretion by imposing a manifestly excessive sentence. After careful review, we affirm.

The facts underlying Appellant's convictions were summarized by the trial court, as follows:

In [CP-51-CR-0007538-2022 (hereinafter, "Case 2022"], on September 28, 2022, at 1900 East Allegheny Avenue, Philadelphia, PA[,] around 2:00[]pm[,] there was a report of a shooting. Police detectives recovered surveillance video from the area that depicted an individual (later identified as Appellant's brother) standing on the corner who was shot by two individuals. Within moments, Appellant is seen wearing all black going to the shooting victim, then running out of camera range in the same direction as the shooters. A second video recovered from Emerald Street shows a gold Crown Victoria turning onto the block, and Appellant chasing the car[,] firing a gun four times. Four [fired cartridge casings (FCCs)] were recovered from the Emerald Street location. Based on flash information provided, Appellant was stopped within minutes. Officers recovered [a] .9 mm Ruger firearm from his person [that was] later determined [to be] … stolen…. Appellant was arrested and the NCIC check revealed he was unlicensed [to carry a firearm]. Appellant waived his ***Miranda***[1] rights and admitted to firing shots at the vehicle. The FCCs on scene matched the gun recovered from Appellant. [The] Commonwealth provided a certificate of non-licensure. Appellant admitted to these facts in his guilty plea. … []N.T.[ Plea], 8/28/23[,] at 11-14; … [*s*]ee [*also* Commonwealth] Exhibits C1 and C2 [()video footage of [the] shooting[)].

[Appellant] was released on bail … [in Case] 2022 … and remained on bail after entering his plea on August 28, 2023, pending sentencing. In [CP-51-CR-0002065-2024 (hereinafter, "Case 2024"),] on December 29, 2023, at 1800 East Allegheny Avenue, Philadelphia, PA[,] at approximately 11:40[]am[,] a complainant identified as "AA" engaged in a drug transaction with Appellant.

_____

[1] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

Surveillance footage captured Appellant inside the passenger seat and another individual ([in the] rear seat) of the complainant's car as he was driving down Allegheny Avenue. They struggle[d] over the steering wheel and the vehicle turn[ed] and crashe[d] into several parked cars. Appellant yell[ed] out the window for others. Eight to ten males rush[ed] to the car, pull[ed] the complainant from the driver's side, [and] beg[an] attacking him and vandalizing the vehicle. The video depicts Appellant and the group of men jumping on the hood, breaking the windows, and beating the complainant to the ground. Appellant admitted these facts in his guilty plea. N.T.[ Plea & Sentencing,] []5/23/24[,] at 10-13[;] … [*s*]*ee* [*also* Commonwealth] Exhibits C12, C17, and C18 [()video footage of [the] car assault[)].

Trial Court Opinion (TCO), 2/12/25, at 3-4.

Appellant pled guilty in Case 2022 to aggravated assault, carrying a firearm without a license, and REAP. In Case 2024, he pled guilty to aggravated assault, conspiracy to commit aggravated assault, and conspiracy to commit criminal mischief. On May 23, 2024, he was sentenced in both cases. Specifically, in Case 2022, the court imposed a term of 3 to 6 years' incarceration for Appellant's aggravated assault conviction, and a consecutive term of 2 to 4 years' incarceration for his firearm offense, with no further penalty for REAP. Thus, his total sentence in that case is 5 to 10 years' incarceration. In Case 2024, the court imposed a term of 3 to 6 years' imprisonment for Appellant's aggravated assault conviction, and a consecutive term of 3 to 6 years' incarceration for his crime of conspiracy to commit aggravated assault, with no further penalty for his other count of conspiracy. Thus, his aggregate sentence in Case 2024 is 6 to 12 years. The court imposed Appellant's sentences in both cases to run consecutively, thus totaling an aggregate term of 11 to 22 years' incarceration.

In Case 2022, Appellant filed a post-sentence motion for reconsideration of his sentence on May 29, 2024.[2] That motion was denied by operation of law on September 26, 2024. In Case 2024, Appellant filed a post-sentence motion for reconsideration of his sentence on May 30, 2024, which was denied by operation of law on September 27, 2024. Appellant filed timely notices of appeal at each docket number, and he and the court complied with Pa.R.A.P. 1925(b). Herein, Appellant states two issues for our review:

1. Whether [A]ppellant's guilty pleas were entered knowingly, intelligently, and voluntarily?

2. Whether the sentencing court abused it's [*sic*] discretion by imposing a sentence that was not based upon the gravity of the violation, the extent of [A]ppellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S. [§] 9721 of the Sentencing Code?

Appellant's Brief at 7.

Initially, Appellant challenges the validity of his guilty pleas. However, the Commonwealth argues that Appellant's "claim relating to the validity of his guilty pleas is waived because it was never raised before the trial court in a post-sentence motion, at sentencing, or at any time prior to this appeal." Commonwealth's Brief at 6. Our review of the record confirms that Appellant never filed a motion to withdraw his guilty pleas, or at any point argued to the

_____

[2] We note that Appellant had different attorneys in each of his cases through the filing of post-sentence motions, after which both attorneys sought to withdraw. The court granted those attorneys' petitions to withdraw, and then appointed an attorney to represent Appellant in both of his instant, consolidated appeals.

trial court that his pleas were involuntary, unknowing, or unintelligent. Accordingly, he has waived his first issue for our review. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[3]

_____

[3] We note that Appellant has also waived most of the specific arguments he raises herein by not setting them forth in his identical Rule 1925(b) statements filed in both cases. Therein, Appellant stated only that his pleas were invalid because he "did not understand the legal and factual basis for the guilty pleas, or the potential range of sentence[s] that could be imposed." Rule 1925(b) Statement Case 2022, 11/10/24, at 2 (unnumbered); Rule 1925(b) Statement Case 2024, 11/12/24, at 2 (unnumbered). However, on appeal, Appellant attempts to raise a variety of other arguments. ***See*** Appellant's Brief at 15 (contending that his pleas were invalid because he was not advised "of his absolute right to a jury trial, … his presumption of innocence, or the fact that the presumption of innocence would stay with him throughout a trial[,]" and that the court "did not conduct an inquiry in to the six mandatory factors" required for a valid plea colloquy); ***id.*** (arguing that his plea was somehow deficient because, although "the court did identify the charges to which [he] was entering a guilty plea" in Case 2024, the court did not colloquy him on the fact that the "bills of information" in that case "did not include the charge of [a]ggravated [a]ssault[,]" and it was only later "added to the bills of information upon oral motion of the Commonwealth"); ***id.*** (raising an argument (sounding in ineffectiveness of his plea counsel) that counsel told him "the sentences would be significantly less severe than were actually imposed[,]" and that the court erred by not informing Appellant "that any sentencing guideline information provided by counsel should be disregarded"); ***id.*** at 17 (asserting that the court "relied solely upon the contents of each written colloquy[,]" rather than determining at the oral colloquy that Appellant "fully understood the nature of the cases and charges against him, and whether he comprehended the consequences of the guilty pleas"). Because none of these arguments were raised in Appellant's Rule 1925(b) statement, or addressed by the trial court in its Rule 1925(a) opinion, they would be waived on this basis, as well. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P 1925(b) Orders Cases 2022 & 2024, 10/22/24, at 1 (warning that "[a] failure to comply with such direction may be considered by the Appellate Court as a waiver of all

*(Footnote Continued Next Page)*

In Appellant's second issue, he challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).... Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003)....

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, ***supra*** at 912–13.

---

objections to the Order, ruling, or any other matter") (unnumbered page); ***see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.") (citations omitted; some brackets added).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed timely post-sentence motions challenging his sentences, and also filed timely notices of appeal in each case. However, the Commonwealth again contends that he has waived his issue for our review, arguing that Appellant's Rule 2119(f) statement "contains such woefully boilerplate language that it does not address his actual claim." Commonwealth's Brief at 8 (citing ***Commonwealth v. Gibbs***, 981 A.2d 274, 283 (Pa. Super. 2009) (holding, *inter alia*, that boilerplate language in a Rule 2119(f) statement bars the Court from determining the basis for a discretionary aspect of sentencing claim)). Appellant's Rule 2119(f) statement reads, in its entirety:

> The May 23, 2024 sentences imposed were made without proper consideration of the general guidelines provided by the Pennsylvania state legislature. The sentencing court's actions were inconsistent with the provisions of the Sentencing Code and were contrary to the fundamental norms underlying the sentencing process. The sentences imposed were not based upon the gravity of the violations, the extent of [A]ppellant's record, his prospect for rehabilitation, nor an assessment of the mitigating and aggravating factors of [s]ection 9721 of the Sentencing Code. The sentences imposed establish[] evidence of the court's bias or animus toward [A]ppellant and were manifestly excessive.

Appellant's Brief at 8.

Although we agree with the Commonwealth that Appellant's Rule 2119(f) statement is cursory, we do not consider it insufficient to the point of constituting waiver. Appellant points to section 9721 and claims that the court

failed to consider specific factors required by that provision, as well as the norms underlying the sentencing process. We will deem this adequate to preserve his sentencing issue for Rule 2119(f) purposes. Additionally, given that Appellant received an aggregate sentence of 11 to 22 years' incarceration, and he challenges the aggregate term of imprisonment as excessive, claiming that the court failed to consider his rehabilitative needs and the mitigating factors in fashioning his sentence, we will consider his argument as constituting a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (holding that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"); *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (determining that the appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question).

In reviewing the merits of Appellant's sentencing challenge, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

- 8 -

Presently, Appellant maintains that his sentence is excessive because the court failed to consider mitigating factors such as his acceptance of responsibility by pleading guilty in both cases, his remorse, the letters written on his behalf by his family and friends, and his non-violent history and characteristics. *See* Appellant's Brief at 19. Appellant also baldly claims the court failed to consider his rehabilitative needs, without explaining what those needs are, or how the court's sentence does not account for them. Appellant further insists that the court "only considered the nature of the offense," and sentenced him with "animus, prejudice, bias, and ill-will…." *Id.* He claims the court's bias was evidenced by the fact that the court remarked to him during sentencing, "you ain't new to the game, you true to the game." N.T. Plea & Sentencing at 58. Appellant also argues that the court's imposition of consecutive sentences "further magnifies the unreasonableness of the sentence imposed." Appellant's Brief at 19. Thus, he contends that his sentences "should be vacated as unreasonably excessive." *Id.*

We disagree. Initially, the court had and reviewed a presentence report and, thus, we "presume[] that the court [was] aware of all appropriate sentencing factors and considerations…." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017) (citation omitted). The court also explicitly stated at the sentencing hearing that it considered Appellant's rehabilitative needs. *See* N.T. Plea & Sentencing at 56. Additionally, the court provided a discussion of its sentencing rationale at that proceeding, which demonstrates that it considered the mitigating factors cited by Appellant. *See id.* at 56-59.

However, the court found that other factors called for a lengthier sentence, namely, Appellant's multiple arrests after pleading guilty in Case 2022, including his violent crimes in Case 2024. ***See id.*** at 57-58. We discern nothing unreasonable in the court's decision.

In regard to Appellant's assertions that the court abused its discretion by imposing consecutive sentences, Appellant did not raise this claim in his Rule 2119(f) statement. In any event, we would not conclude that it constitutes a substantial question for our review. This Court has explained:

> Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. That is in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

***Commonwealth v. Austin***, 66 A.3d 798, 808–09 (Pa. Super. 2013) (cleaned up).

Here, Appellant's cursory argument that his consecutive sentences "magnifies the unreasonableness of the sentences imposed" would be insufficient to demonstrate that his case presents an extreme circumstance, such that this argument constitutes a substantial question for our review. Appellant's Brief at 19. Moreover, Appellant's sentence does not appear

facially excessive, in light of his violent conduct in two separate cases (one of which involved his shooting a firearm four times) and the serious crimes to which he pled guilty. Accordingly, Appellant's challenge to the imposition of consecutive sentences does not raise a substantial question for our review.

Regarding Appellant's argument that the court was biased or prejudiced against him, as evidenced by its above-quoted comment, we deem his assertion meritless. The court's remark was made during the following discussion by the court about Appellant's repeated arrests for selling drugs:

> [The Court:] Now, you tell me, Oh, I'm just trying to support my child. A lot of people are out here trying to support their children, but this sale of narcotics, unless you work for Merck or one of these pharmaceutical companies, is not legal activity. All that tells me is you ain't new to the game, you true to the game.

N.T. Plea & Sentencing at 58. We do not discern anything in the court's comment indicating that it harbored prejudice or bias towards Appellant. Instead, the court appeared to be observing, in a colloquial fashion, that Appellant was a habitual drug dealer who seems dedicated to continuing that illegal activity. Accordingly, he is not entitled to relief on this issue.

Given that Appellant waived his challenge to the validity of his guilty pleas, and we have concluded that his sentencing issue is meritless, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/6/2026</u>